**NOT FOR PUBLICATION**

DEC 22 2014

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GEORGE M. PASION, | No. 12-16972 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-03227-GGH |
| v. | |
| JOHN A. HAVILAND; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Gregory G. Hollows, Magistrate Judge, Presiding

Argued and Submitted November 20, 2014
San Francisco, California

Before: GOULD and WATFORD, Circuit Judges, and OLIVER, Chief District Judge.[**]

**1.** Plaintiff George Pasion submitted evidence from which a reasonable jury could infer that Captain R. Cappel acted with a retaliatory motive when he decided to keep Pasion in administrative segregation.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Solomon Oliver, Jr., Chief District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

The first piece of evidence Pasion relies on—the allegedly suspect timing of his placement in administrative segregation—would not suffice standing alone to avoid summary judgment. One of Cappel's justifications for keeping Pasion in administrative segregation was that doing so was necessary in order to protect the integrity of the prison's ongoing investigation into Pasion's excessive force complaint. If that were so, Pasion argues, he would have been placed in administrative segregation in July 2008—when he initially filed his complaint—rather than in February 2009. But the record shows that the prison did not begin interviewing witnesses until 2009, when Pasion filed his internal appeal, so there was no investigation to protect until then. The timing of Pasion's placement is not necessarily suspect on its own.

The remaining evidence Pasion relies on carries more force. On the record before us, a reasonable jury could conclude that several of the alternative justifications Cappel offered for keeping Pasion in administrative segregation were simply not supported by the facts. In the narrative explanation for his decision, for example, Cappel stated that because Pasion had lodged an excessive force complaint, Pasion himself was "a threat to the safety and security of this institution, its staff and inmates." Nothing in the record before us supports that assertion. And Cappel's other check-box explanations for the placement could also

be viewed by a reasonable jury as pretextual rather than legitimate, since on the record before us no facts appear to support them either.

That leaves, as the only plausible justification for Cappel's decision, his assertion that Pasion's return to the general population would jeopardize the "integrity of an investigation of alleged serious misconduct or criminal activity." Once again, no evidence in the record before us supports that stated justification. There is no indication, for example, that Pasion had taken any steps to interfere with the investigation, or that the circumstances of Pasion's case gave rise to a non-speculative risk that he might attempt to interfere with the investigation. In the absence of evidence supporting this last asserted justification, a reasonable jury could conclude that it, too, was pretextual.

It would not be enough for a jury to find that Cappel's stated justifications for retaining Pasion in administrative segregation were pretextual. To prevail, Pasion must also prove that Cappel's stated justifications were offered to cover up one particular illegitimate motive—retaliation against Pasion for exercising his First Amendment rights. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 916–17 (9th Cir. 2012). Pasion has introduced evidence that, if believed by the jury, could support a judgment in his favor. Both Pasion and Cappel testified that, immediately before making the decision to retain Pasion in administrative

segregation, Cappel asked Pasion if he intended to withdraw his complaint. Pasion testified that Cappel did so "aggressively, with loud tone on his voice," and that he inferred that Cappel was threatening to retain him in administrative segregation if he did not withdraw his complaint.

On this record, a reasonable jury could conclude that Cappel acted with retaliatory intent. The tone of Cappel's conversation with Pasion is a material and disputed fact, and a reasonable jury could rely on the context within which Cappel questioned Pasion to infer retaliatory intent. According to Pasion, his conversation with Cappel took place against the background understanding that the prison's general policy was to place all complaining inmates in administrative segregation in order to discourage them from exercising their rights. If a jury were to credit Pasion's version of events, Cappel did not need to say much to make Pasion understand that his return to the general population was conditioned on withdrawing his complaint.

Accordingly, we vacate the district court's order granting Cappel's motion for summary judgment. We decline to address Cappel's argument that he is entitled to summary judgment on the basis of qualified immunity. We remand so that the district court can consider that issue in the first instance. *See Colwell v. Bannister*, 763 F.3d 1060, 1071 n.5 (9th Cir. 2014).

**2.** The district court also erred in dismissing Pasion's claim against Lieutenant D. McGuire. Pasion alleged that there was "no justification" for McGuire's initial decision to place him in the "hole." Pasion appended to his complaint the only written explanation provided by McGuire, which came two weeks after the placement decision. That explanation stated that Pasion was "placed in Administrative Segregation *for the accusation of staff misconduct*." (Emphasis added.) Given the liberal construction afforded pro se plaintiffs, we find that Pasion has adequately stated a First Amendment claim of retaliation as to McGuire.

The district court did not err, however, in dismissing Pasion's complaint as to Associate Warden V. Singh. Pasion's complaint states only that Singh headed the committee that retained him in administrative segregation and that Singh "conspired with" Cappel and McGuire. Such conclusory allegations are insufficient to state a claim on which relief can be granted.

**3.** The district court did not abuse its discretion in declining to appoint counsel for Pasion before ruling on Cappel's summary judgment motion, given the relatively straightforward nature of the issues raised in that motion. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Pasion had no right to counsel in this suit, and he did not demonstrate that "exceptional circumstances" compelled the

appointment of counsel under 28 U.S.C. § 1915(e)(1).  *See id.*  However, the district court itself recognized that if the case proceeded past summary judgment, appointment of counsel might be warranted.  On remand, Pasion will be free to renew his request for appointed counsel.

**4.** Costs are awarded to the appellant.

**AFFIRMED IN PART, REVERSED IN PART, VACATED IN PART, AND REMANDED.**